O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  ESTATE OF DAMION RICHARDSON   )  Case No. CV 10-05999 DDP (SSx)
    BY DANIELLE BROWN, PERSONAL   )
12  REPRESENTATIVE SUBSTITUTED    )
    FOR DAMION L. RICHARDSON,     )
13                                )
                                  )
14            Plaintiff,          )
                                  )  **ORDER GRANTING DEFENDANTS' MOTION**
15       v.                       )  **FOR SUMMARY JUDGMENT IN PART AND**
                                  )  **DENYING IN PART**
    SGT. KEITH KANOUSE, LEE       )
16  BACA, DEP. STEVEN GOODWIN,    )
    DEP. KASEY OWENS, DEP.        )
17  ALEJANDRO HERNANDEZ, DEP.     )
    HECTOR VASQUEZ, DET. TIA      )
18  TYAL.OR, LT. XAVIER AGUILAR,  )
    CAPT. DANIEL CRUZ, LOS        )
19  ANGELES COUNTY SHERIFF'S      )  [Dkt. No. 97]
    DEPARTMENT, COUNTY OF LOS     )
20  ANGELES, DENNIS A. CONTE,     )
    DON RODRIGUEZ, STEPHEN B.     )
21  JOHNSON, ROBERT J. OLMSTEAD,  )
    DENNIS H. BURNS, JOHN DOE,    )
22  RICHARD ROE, M.D.,            )
                                  )
23            Defendants.         )
    _____ )

24

25       Presently before the court is a Motion for Summary Judgment

26  filed by thirteen remaining defendants.  Having considered the

27  submissions of the parties, the court grants the motion in part,

28  denies in part, and adopts the following order.

**I.    Background**

On March 13, 2010, Damion Richardson was an inmate at Los Angeles County Central Jail.  Upon returning to his housing module, Richardson was ordered to stand near the entrance of the module, facing a wall.  Plaintiff alleges that guards proceeded to beat Richardson, without provocation.  Plaintiff further alleges that other Sheriff's Deputies conspired to cover up the incident and cause Richardson to be criminally prosecuted.  Plaintiff's Second Amended Complaint alleges several causes of action against different groups of Defendants for violations of 42 U.S.C. § 1983.  Defendants now move for summary judgment, on various grounds.

**II.   Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  All reasonable inferences from the evidence must be drawn in favor of the nonmoving party.  <u>See Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 242 (1986).  If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.  Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel has an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

## III. Discussion

As an initial matter, Plaintiff either explicitly acknowledges or implicitly concedes, by omission and failure to oppose, that summary judgment should be entered with respect to several claims and defendants.  The court is satisfied that Defendants' papers are

3

sufficient to support summary judgment with respect to these
issues.  The court addresses each of the contested arguments in
turn.

    A.   Availability of Damages

    Richardson died in 2012.  Generally, Fourth Amendment claims
such as those brought here cannot be vicariously asserted.  <u>United</u>
<u>States v. Struckman</u>, 603 F.3d 731, 746 (9th Cir. 2010).  In a
Section 1983 action, however, a decedent's survivors may bring a
survival action if state law authorizes such a suit.  <u>Moreland v.</u>
<u>Las Vegas Metro. Police Dept.</u>, 159 F.3d 365, 369 (9th Cir. 1998).
California law does allow survival actions.  Cal. Code Civ. P. §
377.30.

    Section 1983 does not, however, address what damages are
recoverable in a survival action.  Nor does federal law look
exclusively to state law.  Rather, "42 U.S.C. § 1988(a) requires
the application of state-law survival remedies in § 1983 actions
<u>unless those remedies are inconsistent with the Constitution and</u>
<u>laws of the United States</u>." <u>Jefferson v. City of Tarrant</u>, 522 U.S.
75, 79 (1997) (emphasis added) (internal quotation and citation
omitted).  While California law does allow survivors to recover
"any penalties or punitive damages or exemplary damages that the
decedent would have been entitled to recover, state law disallows
recovery for pain and suffering.  Cal. Code Civ. P. § 377.34.

    Defendants argue that summary judgment is warranted because
the Second Amended Complaint seeks only pain and suffering damages
of the type disallowed under California law.  As discussed above,
however, California law is only applicable to the extent that it
does not conflict with federal law.  The Ninth Circuit has

1  acknowledged that it has not yet weighed in on this question.

2  Mahach-Watkins v. Depee, 593 F.3d 1054, 1060 (9th Cir. 2010).  In

3  the absence of controlling authority, California district courts

4  are split.  In general, courts in the Eastern District of

5  California have barred Section 1983 claims for pain and suffering

6  on the basis of California's Section 377.4.  See, e.g., Herrera v.

7  City of Sacramento, No. 13-cv-00456-JAM-AC, 2013 WL 3992497 at *5-6

8  (E.D. Cal. Aug. 2, 2013).  Courts in the Central, Southern, and

9  Northern Districts have come to the opposite conclusion, reasoning

10 that it would be inconsistent with Section 1983 to punish official

11 deprivations of civil rights less severely when the official acts

12 result in the victim's death.  Id.; Cotton v. City of Eureka, 860

13 F. Supp. 2d 999, 1011-1012 (N.D. Cal. 2012).

14     This court agrees with the well-reasoned decisions in the

15 latter line of cases.  Plaintiff's prayer solely for pain and

16 suffering damages therefore does not serve as a basis for summary

17 judgment in favor of Defendants.

18     B.   Defendants Goodwin and Owens' Use of Force

19          1.   Evidence of Excessive Force

20     Defendants Goodwin and Owens, who were serving as guards at

21 the time of the incident, argue that the undisputed facts

22 demonstrate that they acted reasonably and appropriately on the

23 date in question.  Defendants have submitted evidence that

24 Richardson instigated the incident by elbowing Defendant Goodwin.

25 (Goodwin Declaration at 3).  In their telling, Goodwin attempted to

26 restrain Richardson against a wall, but was unsuccessful.  (Id.)

27 Goodwin attempted to "take down" Richardson to the floor, and in

28 the process, tripped and fell on top of Richardson's head.  (Id.)

1   Deputy Owens attempted to assist, but Richardson continued to

2   resist, kicking out with his legs.  (Id.)  Goodwin punched

3   Richardson in the face and kneed him in the back, to no avail.

4   (Id.)  Only after a third guard, Defendant Hernandez, rendered

5   assistance were Defendants Goodwin and Owen able to restrain

6   Richardson.[1]  (Id. at 4.)

7        Plaintiff disputes Defendants' version of events.  Plaintiff

8   supports its position almost entirely by reference to the Verified

9   First Amended Complaint, filed by Richardson himself prior to his

10  death in 2012 and prior to the substitution of the current

11  Plaintiff.  A verified complaint may generally be used as an

12  affidavit for purposes of opposing summary judgment, so long as it

13  is based upon personal knowledge and sets forth specific,

14  admissible facts.  Schroeder v. McDonald, 55 F.3d 454, 460 (9th

15  Cir. 1995).  Though it need not itself be admissible at trial, an

16  affidavit submitted in opposition to summary judgment cannot be

17  based on inadmissible hearsay.  Block v. City of Los Angeles, 253

18  F.3d 410, 419 (9th Cir. 2001).

19       Richardson's Verified First Amended Complaint contains both

20  hearsay and specific facts within his personal knowledge.  To the

21  extent Defendants contest the admissibility of the hearsay portions

22  of the Verified Complaint, Defendants' objections are granted.

23  Defendants further contend that the Verified Complaint is

24  inadmissible in its entirety because Richardson is dead, and cannot

25  be cross-examined.  The non-hearsay portions of the Verified

26  Complaint, however, satisfy Federal Rule of Civil Procedure 56,

27  ───────────────

28       [1] Plaintiff expressly concedes that summary judgment is
    appropriate in favor of Defendant Hernandez.

1   which does not contain any cross-examination requirement.  See Oto

2   v. Metro. Life Ins. Co., 224 F.3d 601, 604-05 (7th Cir. 2000).

3       Furthermore, even putting aside the Verified Amended

4   Complaint, Plaintiff cites to some other evidence giving rise to a

5   genuine dispute of material fact.  Specifically, Plaintiff points

6   to the deposition testimony of Richardson's fellow inmates.

7   Dennis Davis, for example, testified that he saw Defendant Owens

8   and another officer strike Richardson from behind and beat

9   Richardson even though Richardson was facing a wall with his hands

10  at his side, and that Richardson did not resist at any point.

11  (Declaration of Jeff Dominic Price, Ex. 104 at 7-10.)  Another

12  inmate, Timothy Galloway, testified at a state court preliminary

13  hearing that Richardson's hands were in his pockets when Defendants

14  began to hit him.  (Price Decl., Ex. 102 at 61-63.)[2]  This evidence

15  is sufficient to give rise to a genuine dispute whether Defendants

16  Goodwin and Owens utilized excessive force against Richardson.

17      For these same reasons, Defendants Goodwin and Owens are not

18  entitled to qualified immunity.  The testimony of Richardson's

19  fellow inmates, taken as true, establishes that Defendants violated

20  Richardson's Fourth Amendment rights.  See Saucier v. Katz, 533

21  U.S. 194, 201 (2001).  The right to be free of excessive force has

22  long been clearly established.  Gravelet-Blondin, 2013 WL 4767182.

23  Defendants Goodwin and Owens are, therefore, not entitled to

24  summary judgment on Plaintiff's Count Two claim for excessive

25  force.

26  _____

27      [2] The hearing transcript is accompanied by a court reporter's
    certificate.  See Fed. R. Evidence 902(8); Hussein v. Univ. and

28  Comm. College Sys. of Nevada, No. 4-CV-0455 JCM RAM; 2007 WL
    4592225 at *2 (D. Nev. 2007).

C.   Conspiracy to Violate Civil Rights

The Second Amended Complaint alleges a cause of action for conspiracy to violate Richardson's constitutional rights against all individual Defendants.  A Section 1983 conspiracy claim requires a plaintiff to demonstrate "material facts that show an agreement among the alleged conspirators to deprive the party of his or her civil rights."  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).  Defendants contend that there are no such facts. (Mot. at 17.)  Plaintiff provides no argument or citation to the contrary.  In the absence of any evidence of a conspiracy, Defendants are entitled to summary judgment on Plaintiff's conspiracy claims.

D.   Malicious Prosecution

Plaintiff also alleges a malicious prosecution claim against all individual defendants.  In response to Defendants' argument that summary judgment is warranted, Plaintiff argues only that Defendants Goodwin, Owens, and Taylor are not entitled to summary judgment.  (Opp. at 13.)

After the incident, Defendant Goodwin wrote an Incident report, which included supplemental reports written by Defendants Owens and Taylor.  (Goodwin Decl. at 2.)  Goodwin's report indicated that there were not multiple witnesses to the incident, and described Richardson's injuries as "a minor abrasion to his upper forehead, a small laceration to his lower lip and 2 broken upper teeth."  (Price Decl., Ex. 105 at 2-3.)  Defendant Owens' supplemental report recounted details of the incident, but made no mention of witnesses or injuries.  (Price Decl., Ex. 106.)

Defendant Taylor was assigned to investigate potential criminal charges against Richardson stemming from the incident. (Prince Decl., Ex. 103 at 9, 27.)  Subsequent to the incident, Richardson gave a videotaped interview while he was being treated for his injuries in the jail clinic.  (Declaration of Keith Kanouse, Ex. A; Price Decl., Ex. 103 at 29.)  Defendant Taylor did not watch the interview at any point prior to submitting her report to the District Attorney.[3]  (Price Decl., Ex. 103 at 29, 51.) Following Taylor's report, Richardson was charged with a violation of California Penal Code Section 69.  The case was dismissed, then refiled.  The second case was ultimately dismissed as well.

Malicious prosecution claims are cognizable under Section 1983 if a plaintiff can show that defendants maliciously prosecuted him without probably cause for the purpose of denying him a constitutional right.  Awabdy v. City of Adelanto, 368 F.3d 1062, 1065 (9th Cir. 1995).  Under California law, a plaintiff must demonstrate that the criminal action (1) was commenced at the direction of the defendant and was resolved in the plaintiff's favor, (2) was brought without probable cause, and (3) was brought with malice.[4]  Kleveland v. Siegel & Wolensky, LLP, 215 Cal. App. 4th 534, 539 (2013).

_____

[3] Plaintiff's citation to the record does not support its assertion that Defendant Taylor never submitted the videotaped interview to prosecutors.  Defendant Taylor did testify that she never viewed the interview herself, but it is not clear whether prosecutors had access to the Richardson interview.

[4] The Ninth Circuit has applied the law of the forum state to malicious prosecution claims brought under Section 1983.  See Fabbrini v. City of Dunsmuir, 631 F.3d 1299, 1301 n.1 (9th Cir. 2011).

1    Here, Defendants argue that the criminal prosecutions were

2  neither resolved in Richardson's favor nor brought without probable

3  cause.  (Mot. at 18.)  To constitute a favorable termination, the

4  resolution of an action brought against a plaintiff "must reflect

5  the merits of the action and the plaintiff's innocence of the

6  misconduct alleged in the lawsuit."  Jay v. Mahaffey, –

7  Cal.Rptr.3d —, 2013 WL 4508710 at *10 (Cal. App. 4 Dist. Jul. 31,

8  2013).  A dismissal of an action, including a voluntary dismissal,

9  may constitute a decision on the merits.  JSJ Ltd. Partnership v.

10 Mehrban, 205 Cal. App. 4th 1512, 1524 (2012).  A court must,

11 however, examine the reasons for the dismissal to determine whether

12 it reflected on the merits.  Id.; See also Oviedo v. Windsor Twelve

13 Props., LLC, 121 Cal. App. 4th 97, 151 (2012) ("A voluntary

14 dismissal is presumed to be a favorable termination on the merits .

15 . . .").

16    Plaintiff cites generally, without specific reference, to the

17 declaration of its counsel for the proposition that the criminal

18 action was resolved in Richardson's favor for purposes of his

19 malicious prosecution claim.  (Opp. at 18.)  Counsel states that a

20 Deputy District Attorney told him that Deputy witnesses would not

21 testify, and thus the prosecution would not be able to proceed.

22 (Price Dec. ¶¶ 12-14.)  Plaintiff cites to no other evidence

23 regarding why the action was dismissed.  Nor does Plaintiff dispute

24 that the criminal action was dismissed for delay in prosecution

25 under California Penal Code Section 1382.  A delay in prosecution,

26 however, does not constitute a decision on the merits.  Franklin

27 Capital Corp. v. Wilson, 148 Cal. App. 4th 187, 215 (2007).

28

10

1   Absent any genuine dispute that the criminal action against

2   Richardson was resolved on the merits in his favor, Defendants are

3   entitled to summary judgment on the malicious prosecution claim.

4   E.   _Monell_ Claim

5   A municipality is only liable for constitutional violations

6   perpetrated by its employees if the government entity officially

7   adopted and promulgated a "policy, custom, or practice that was the

8   'moving force' behind the constitutional violation. <u>Gravelet-</u>

9   <u>Blondin v. Shelton</u>, – F.3d –, 2013 WL 4767182 (9th Cir. Sept. 6,

10   2013) (internal quotation and citation omitted); <u>Monell v. Dep't of</u>

11   <u>Soc. Servs.</u>, 436 U.S. 658, 690-98 (1978).

12   The only evidence cited by Plaintiff to support the existence

13   of a policy or practice is a September 2012 report issued by the

14   the Citizens' Commission on Jail Violence (the "CCJV Report"). As

15   Plaintiff itself acknowledges, the CCJV Report is approximately 200

16   pages long. Plaintiff's only citation, however, is to a thirty

17   nine-page section of the CCJV Report. Furthermore, this

18   exceedingly imprecise reference stands only for the proposition

19   that "[Sheriff's] personnel have used force against inmates when

20   the force was disproportionate to the threat posed or there was no

21   threat at all." (Opp. at 20.) Even if the court were to consider

22   this fact, that some County personnel have at some point used

23   inappropriate force does little to establish a coherent policy,

24   custom, or practice. Furthermore, Plaintiff provides no

25   explanation why the CCJV Report, which includes, among other

26   things, background historical information, findings, and

27   recommendations, some of which constitute hearsay, is admissible in

28   its entirety. While certain portions of the CCJV Report might be

admissible, Plaintiff identifies no such specific statements, let alone any grounds for their admissibility. <u>Carmen</u>, 237 F.3d at 1031.  Plaintiff's broad invocation of the CCJV Report, therefore, is insufficient to create a genuine dispute of material fact regarding the existence of any policy, custom, or practice.

**IV.  Conclusion**

As discussed above, Plaintiff has opposed only a narrow subset of Defendants' arguments for summary judgment.  For the reasons stated above, Plaintiff's arguments regarding its conspiracy, malicious prosecution, and <u>Monell</u> claims are unpersuasive. Therefore, Defendants' Motion for Summary Judgment on all claims is GRANTED in part, with one exception.  Defendants' Motion is DENIED with respect to Plaintiff's excessive force claims against Defendants Goodwin and Owens individually.


IT IS SO ORDERED.



Dated: September 19, 2013

DEAN D. PREGERSON
United States District Judge